The opinion of the court was delivered by
Eenner, J.
The property of this succession having been duly sold at probate sale to pay debts, a certificate of mortgages was obtained which exhibited sundry conventional, legal and judicial mortgages standing against the property, besides numerous tax liens and privileges in favor of the State and city.
Thereupon the administratrix took a rule against two of the private mortgage creditors, the City of New Orleans, the City Comptroller, and the State tax collectors for the several districts of the city, requiring them to “show cause why all the inscriptions reported in said certificate of the Recorder of Mortgages should not be erased and canceled, and why the said tax collectors and City Comptroller should not erase and cancel from their respective books all claims for State and city taxes as claiming to bear upon the property described, and their respective claims be referred to the proceeds, and said officers be ordered to give their certificates to be annexed to the acts of sale, showing that said claims have been canceled and erased.”
Under this prayer we consider nothing at issue in the proceeding, as between the succession and the State and city, except the legal question whether or not a probate sale of property to pay debts has effect to transfer tax liens and privileges from the property to the proceeds of sale. Counsel for plaintiff in rule, in his brief, states-that the relief sought was “to show cause why all the inscriptions should not be 'erased and canceled and their respective claims be referred to the proceeds.” We shall, therefore, decline to consider the questions suggested in other parts of the rule and of the briefs, at *499 tacking the validity of the tax inscriptions as affected by prescription and other defences. The question here is not whether the claims are valid, but whether they are to be removed from the property and referred to the proceeds. The judge a quo evidently took this view of the rule, because he discharged it absolutely, although sundry of the tax inscriptions are admitted by all parties to be prescribed, and although it is elementary and not disputed by any one that the sale had effect, when duly executed by payment of the price, to transfer the private mortgages and privileges to the proceeds for satisfaction.
We shall, therefore, confine our discussion to the question above indicated, viz: whether or not the judicial sale of property has effect to discharge it from tax liens and privileges, to refer them to the proceeds of sale and to pass the title to the purchaser disencumbered of such liens.
Whatever may be said of the wisdom and .policy of such legislation, the revenue statutes of the State leave no room for doubt that property subject to tax liens and privileges can not be disencumbered thereof, otherwise than by payment of the taxes or by their extin guishment in some other legal mode, and that no sale can have effect to relieve the property sold therefrom and to refer them for satisfaction to the proceeds.
Sec. 2519 of the Revised Statutes, reiterated expressly in the general revenue laws subsequently passed, provides: “Hereafter, neither recorders, sheriffs notaries or other persons, authorized to convey real estate by public act, shall pass or execute any act for the sale, transfer or exchange of any real estate, unless the State, parish and municipal taxes due on the same be first paid, to be shown by the tax collector’s receipt or certificate to that purpose.”
Such provisions are obviously inconsistent with the claim advanced by the plaintiff in rule.
. So far from transferring the tax liens from the property to the proceeds of sale, the law holds the title to the property in statu quo and prohibits its passing to the purchaser at any sale, public or private, until the taxes due thereon are first paid. We need not discuss the validity or effect of Act No. 88 of 1888, amending Sec. 2519 R. S., because it perpetuates the same principle in a modified form.
Several cases are quoted in which the right of the State and city, consenting thereto, to look to the proceeds of sale for satisfaction of *500 their taxes, has been recognized. Succession) of Zacharie, 80 An. 1260; succession of Dupuy, 33 An. 260.
But these cases obviously rest on the consent of the taxing authorities and the absence of contest.
When the question was squarely presented, in absence of such consent, we very recently held that the tax liens and privileges adhered to the property notwithstanding the judicial sale and were not transferred to the proceeds. Morris vs. Lalaurie, 39 An.
Plaintiff’s right to test the validity and existence of the taxes and the inscriptions thereof, in a proper proceeding, is reserved, and with this reservation.
Judgment affirmed.